## AFFIDAVIT OF JOSEPH M. SOEKA
## TASK FORCE OFFICER, DEA

JOSEPH M. SOEKA, being first duly sworn upon oath, deposes and states as follows:

1. I graduated in 2008 from Purdue University with a bachelor's degree in Law and Society with a minor in Forensic Science. I received classroom instruction in the identification of illegal narcotics and proper evidence collection.

2. I have been employed as a police officer for the Anchorage Airport Police Department since July 2010.

3. In September of 2012, I was assigned as a Task Force Officer to the Drug Enforcement Administration's Airport Drug Interdiction Detail and have been deputized as a Federal Officer during this assignment.

4. I have received classroom instruction and field training in narcotics investigation while at the Alaska State Troopers Academy in 2010, during my tenure as a police officer, and since my assignment with the DEA Drug Interdiction Task Force. That training consisted of Alaska Law on controlled substances, investigative techniques, search warrant and glass warrant applications and service, surveillance techniques both mobile and static, handling of confidential and citizen informants, and paid special agents. I also received training in the testing and identification of controlled substances as well as proper evidence handling techniques.

5. In December 2012, I attended Asset Forfeiture Training in Quantico, VA at the DEA Academy. This (24 hrs) class covered instruction on Financial Document Search Warrants, Tracing Hidden Assets, Net Worth Analysis, Subpoena Compliance, and Legal Issues pertaining to Asset Forfeiture.

6. In June 2013 and July 2013, I attended Clandestine Laboratory Basic Course and Clandestine Laboratory Tactical Courses at the DEA Academy in Quantico, Virginia. These courses covered the identification of precursors in the production of illegal narcotics, the identification of said narcotics, and protocols for proper disposal of these dangerous chemicals. The courses also covered tactical considerations for making entry into known/unknown production and conversion labs.

7. During my tenure as a Police Officer, I have conducted and/or participated in numerous investigations relating to the use, possession, manufacture, and trafficking of controlled substances, and I have become familiar with devices, paraphernalia, techniques, and practices used by people engaged in the use, possession, manufacture, and trafficking of controlled substances. I have also conducted and/or participated in investigations which have resulted in the seizure of marijuana, marijuana grow operations, cocaine hydrochloride, cocaine base (crack cocaine), opium, heroin, methamphetamine, methlenedioxymethamphetamine (MDMA/ecstasy), prescription medications, firearms, cellular phones, surveillance systems, cameras, memory cards, computers, documents, money, and precious metals. I have also conducted several interviews of people involved in the use, possession, manufacture, and trafficking of controlled substances which have added to my knowledge of the illegal drug culture that exists in the Anchorage, Alaska area. In addition to my formal training and experience, I have gained knowledge and insight by working and speaking with many experienced law enforcement agents/officers from local,

state, and federal agencies, and I consider this knowledge and insight to be an integral part of my experience and training.

## RELEVANT FACTS PERTAINING TO THE INVESTIGATION

The following information is based on my own knowledge, from other law enforcement agents and officers, or from specific sources as set forth. I have not set forth every fact I have learned during the course of my investigation, nor do I ask the Court to rely upon information outside this application.

8. During the course of a drug investigation, agents and officers developed information that a package containing illegal narcotics may be going to an address located at 2043 E 73rd Avenue, Anchorage, Alaska. On 10/31/2013, agents and officers sent a request to Federal Express to be on the lookout for packages being sent to 2043 E 73rd Avenue, Anchorage, Alaska.

9. On 01/31/2014, a Federal Express parcel was identified by FedEx security staff. The parcel was addressed to "Louis Bright, 2043 E 73rd Avenue, Anchorage, Alaska, 99507", from "Clodio FLEICH, 1701 Q Street, Sacramento, California, 91816".

10. Officer Seth McMillan applied to the Alaska Court System for a warrant to open the parcel. Search warrant 3AN-14-196-SW was granted and the package was opened on January 31, 2014. Inside the package were two Foodsaver style vacuum sealed packages. One contained a second vacuum sealed bag that contained a dense, flat, dark brown tar-like substance that weighed approximately 131.89 grams and field tested positive for heroin. The second, smaller vacuum

sealed package contained a clear plastic baggie that contained an uneven granulated opaque crystalline substance that weighed approximately 15.77 grams and field tested positive for methamphetamine. These quantities of heroin and methamphetamine are distribution amounts.

11. The controlled substances were replaced with "sham" or counterfeit material. Officer McMillan applied for and was granted State of Alaska search warrant 3AN-14-200-SW for the retrieval of the package after a controlled delivery attempt at 2043 E 73rd Avenue, Anchorage, Alaska, 99507 (TARGET LOCATION).

12. Law enforcement databases indicated that Sarah DONAHUE was a probable resident of the TARGET LOCATION.

13. On January 31, 2014, law enforcement agents with the Anchorage Police Department, Drug Enforcement Administration and US Postal Inspectors delivered the parcel to the TARGET LOCATION. The parcel contained an electronic monitoring device. The electronic monitoring device was activated when the parcel was delivered and would emit a specific tone indicating if the parcel was opened. The parcel also contained a unique fine powder that will glow under a UV "black-light", so the person(s) that had contact with the interior of the package may be identified.

14. The package was left at the front door of the residence around 1700 hours. Around 1740 hours, surveillance observed the package being picked up at the front door by a female later identified as Sarah DONAHUE. Sarah DONAHUE was operating a dark 2007 Jeep Cherokee (AK GFP647). The registered owner of

the vehicle was Michelle DONAHUE. Electronic monitoring indicated the package remained in the vehicle while surveillance observed the vehicle travelling around the Anchorage area, eventually picking up an older female in a multi-business parking lot on the southeast corner of O'Malley and O'Malley Center Drive. The vehicle subsequently returned to the TARGET LOCATION, with electronic monitoring indicating the parcel was still with the occupants of the vehicle. The vehicle occupants went inside the residence, with the older female leaving the residence in the vehicle. At that time surveillance could see a male walking around inside the residence as well.

15. Around 1915 hours, electronic monitoring devices indicated the parcel had been opened. The 3AN-14-0200-SW was then executed at TARGET LOCATION to retrieve the package.

16. Sarah DONAHUE and the male, Kevin LONGSTRETH, were inside the residence. The parcel, with the outer and inner seals breached, was found on the bedside table in a bedroom upstairs in the residence. Both DONAHUE and LONGSTRETH were found with UV sensitive powder on their hands, indicating the "sham" material had been handled by both.

17. An unused syringe was found in the sock of Kevin LONGSTRETH when he was searched. LONGSTRETH has drug convictions out of Michigan to include a 2012 smuggling/prisoner possessing contraband charge, a 2007 conviction of controlled substance to possess cocaine, heroin, or other narcotic (less than 25 grams), and currently has an outstanding warrant for dangerous drugs from SPOL-NARC TEAM in Bay City, Michigan.

18. Sarah DONAHUE was read her Miranda rights and agreed to speak with agents and officers. Sarah DONAHUE stated a female she knew as "Trish SHIPE" a.k.a. Patricia SHIPE had asked her to have the package mailed to her house because Patricia SHIPE was no longer living at her apartment. Sarah DONAHUE stated she felt that Patricia SHIPE was acting strange regarding the package, so she decided to not deliver it to her and opened it at her residence. The package opened by Sarah DONAHUE was addressed to a fictitious name. Sarah DONAHUE stated she has accepted a parcel for Patricia SHIPE in the past. When asked what was in the package, Sarah DONAHUE stated she did not know, but assumed it was drugs since we were there.

19. Sarah DONAHUE agreed to send a text message to Patricia SHIPE to let her know the package had arrived. Patricia SHIPE called Sarah DONAHUE back and agreed to meet her at her residence to retrieve the package. Patricia SHIPE arrived at the TARGET LOCATION and was contacted by law enforcement at the TARGET LOCATION shortly after the phone call.

20. Patricia SHIPE was read her Miranda Rights and agreed to speak with agents and officers. Patricia SHIPE stated she was there for the package. Patricia SHIPE confessed she was hoping to sell what was in the package in order to make bail money for her daughter. Patricia SHIPE stated she was the end of the line for the drugs, but would have included others. Patricia SHIPE stated she ordered the drugs from California for 4 or 5 thousand dollars.

21. On October 18, 2012, a federal search warrant was executed at 3006 Turnagain Street, Anchorage, Alaska, the residence of Patricia SHIPE. During the search,

agents and officers found scales and distribution amounts of heroin and methamphetamine.

22. During the execution of the search warrant at 2043 E 73rd Avenue, Anchorage, Alaska, two scales were found in the bedroom of Sarah DONAHUE and Kevin LONGSTRETH. One of the scales was located in the underwear drawer of Sarah DONAHUE on the south wall of the bedroom and another scale was found in a six drawer dresser located on the west wall of the bedroom being used as a television stand. The scale found in the dresser on the west wall had a detectable amount of heroin.

23. Based on the forgoing, I submit there's probable cause to believe Sarah DONAHUE, Kevin LONGSTRETH, and Patricia SHIPE attempted to possess with intent to distribute a controlled substance to include heroin and methamphetamine in violation of title 21 U.S.C. Section 846, 841(b)(1)(C),.

**FURTHER AFFIANT SAYETH NAUGHT**

/s/ Signature Redacted

Joseph M. Soeka
Task Force Officer, DEA

SUBSCRIBED AND SWORN TO before me this 2nd day of February, 2014, at Anchorage, Alaska.

/s/John D. Roberts, USMJ
Signature Redacted

John D. Roberts
United States Magistrate Judge